## Pickering Company, Appellant, *v.* Lutz (No. 1).

*Bailment—Installment leases—Husband and wife—Payment —Evidence.*

Where a husband leases certain items of household furniture on an installment lease, and subsequently leases other articles which are endorsed on the lease, and thereafter his wife leases other articles under a lease made to her, but these articles are

also endorsed on the original lease to her husband, and the prac-
tice was when new goods were selected a new lease was made to
the wife, but the goods were endorsed on the original lease to the
husband, payments made from time to time must be generally
credited on the whole transaction, taking into consideration the
original lease to the husband with endorsements thereon, and the
leases to the wife. In such a case the duty is upon the husband,
in order to relieve himself from liability, to show that he had
paid for all the goods which he had leased, and the fact that he and
his wife had paid together more than enough to cover his separate
liability, is insufficient to relieve him, if he produces no evidence
that he himself paid enough to liquidate his own indebtedness.

Argued May 1, 1917. Appeal, No. 169, April T., 1917,
by plaintiff, from judgment of C. P. Allegheny Co., April
T., 1916, No. 448, on verdict for plaintiff in case of M.
H. Pickering Company v. H. H. Lutz, defendant, and
Silas P. Sadler, Rufus Martin and J. J. Devine, Inter-
vening defendants. Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER, and WILLIAMS, JJ.
Reversed.

Replevin for household goods. Before CARNAHAN, J.

From the record it appeared that the goods levied
upon had been leased under installment leases by M. H.
Pickering Co. to H. H. Lutz and his wife. The transac-
tions between the plaintiff and Lutz and his wife are ex-
plained in the opinion of the Superior Court.

Verdict and judgment for defendants. Plaintiff ap-
pealed.

*Error assigned* was in refusing plaintiff's motion for
judgment n. o. v.

*James T. Buchanan,* for appellant.—There was no
sufficient evidence in this case to sustain the con-
tention of Lutz that he had purchased and paid for
any of the articles claimed by him. Even if it be ad-
mitted that there was no merger of the contracts; that
there were separate leases; one with the wife, and

one with the husband. They both made payments, that is clear, but who can take the testimony in this case, judge or jury, and say, with the single exception of the first payment of $7.00, made March 10, 1910, who made any one of the many payments that were made. Mr. Lutz did not undertake to say, and the burden was on him to make out his case. He did not undertake to state how many, or even about how many, of the payments were made by him or his wife. Lutz made no attempt to guess at these things, yet the jury were permitted to give a guess. The Court was clearly in error in submitting the evidence on this question in this case to the jury: Waters App., 35 Pa. 523; Hill v. Sewald, 53 Pa. 271; Howard Express Co. v. Wile, 64 Pa. 201; Cover et ux v. Manaway, 115 Pa. 338; Thomas v. Altoona etc. Railway Co., 191 Pa. 361; Burke v. Burke, 240 Pa. 379; Sallade v. Schuylkill Co., 19 Pa. Superior Ct. 191; Connor v. Pa. R. R. Company, 24 Pa. Superior Ct. 241.

No printed brief for H. H. Lutz, appellee.

OPINION BY TREXLER, J., July 13, 1917:

The household goods of Lutz and his wife were levied upon by virtue of a warrant of distress issued by their landlord for nonpayment of rent. The goods had been obtained from the M. H. Pickering Company upon what are ordinarily known as installment leases and the company after distress was made replevied the goods. Lutz claims that he has fully paid for some of the goods and that they belonged to him. Mrs. Lutz is not a party to the action, she not having been summoned.

The first lease is dated March 10, 1910, and is signed by Lutz and contains on the reverse side a list of articles amounting to $546.96 and credits of $413.25. This lease was originally for goods to the value of $43.26 but Lutz increased the amount by subsequent selections to $162.25 and the remainder of the above total is for goods his wife leased. Another lease was made by Mrs. Lutz,

March 1, 1911, and she also from time to time selected additional goods which were endorsed on the original lease of her husband above referred to and the articles bought by Lutz and Mrs. Lutz taken together make the total above set forth. The practice of the parties was to give a new lease when new goods were selected but invariably such goods were endorsed on Lutz's first lease. Each of the leases provides that all prior leases shall be null and void and shall be merged in the last lease. This evidently refers to leases signed by the same party. Thus, if we were to apply this clause, the last lease signed by Lutz would stand as his present contract and the last signed by the wife would be her contract, but the merger clause would not operate so as to merge all the leases. She was not bound by the provisions of his contract nor was he by hers unless it be shown by some act of theirs that such was the understanding of all the parties. The course of dealing indicates that the first lease above mentioned defined the status of the parties and included all the transactions between them. Notwithstanding the merger clause, the lease contained an endorsement as follows: "Any time you wish to lease new goods, bring this lease along so that we can add the amount of goods to your lease." "See that all goods are entered on this lease." We think under these circumstances the court could not conclude as a matter of law that the last lease made by Mrs. Lutz was the only one that could be considered. It is apparent that the whole matter was run as one account and that the sums paid from time to time were to be generally credited on the whole transaction. Lutz claims that he has paid the $163.25 worth of goods he contracted for. The court submitted the question to the jury who found in his favor. Is there sufficient evidence of payment to sustain his position? The first lease will not help him any for on the face of it he owed $546 and paid $413.25. This leaves him still the debtor. At the time Mrs. Lutz appeared in the matter he owed $163.25 less a credit of $59.50 or a net

sum of $103.75. He argues that since that time he has paid more than enough to pay all the goods he leased. There is no doubt that he and his wife paid more than enough to cover the above sum but we have no evidence that he paid enough to liquidate his indebtedness. If we regard these transactions, as he claims, as two separate accounts, the presumption is that when he paid it was on his lease and what she paid was to be credited on the goods she had purchased. Neither of them attempt to show what each paid nor that there was any application of the money to either account. The first lease which remained in their possession shows the contrary. . He testifies that he had paid his lease but an examination of his testimony shows no proof to support his assertion. We quote the pertinent testimony: "Q.—Well, then, at the time your wife signed the last lease, the 10th of July, 1915, there was paid by you and your wife $413.25. A.— According to the bills. Yes, sir. Q.—And had that paid the first bill of goods which you bought? A.—It seems to me it ought to pay it up." No effort was made to give amounts or dates but if details were impossible, he should have proven that the sums paid by him exceeded the amount he owed. It was the duty of the defendant to prove his case. His answer, that it seemed to him that what he had paid ought to pay it up or his declaration that he had paid it, had no value. That was mere guess work and any verdict founded upon such evidence must of necessity be of the same character. There was no evidence in the cause, no testimony submitted, that would justify an inference on the part of the jury that Lutz had paid all he owed to the Pickering Company on the agreements under which he claims to have the title to the goods in question.

The judgment is reversed and the record remitted with instructions that judgment be entered in favor of the appellant.